IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRISHA LYNN VALENTINE, an individual, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-23-00348-PRW |
| S&S FIRESTONE, INC., | ) ) ) |
| Defendant. | ) ) |

**ORDER**

Before the Court is Defendant S&S Firestone, Inc.'s Motion for Sanctions against Plaintiff for Failure to Comply with Court Order Granting Motion to Compel and Order to Show Cause (Dkt. 57). The motion asks the Court to dismiss with prejudice Plaintiff's Complaint and to order Plaintiff to pay the reasonable expenses and fees incurred in preparing the previous motion to compel (Dkt. 53) and the instant motion. Plaintiff has not responded to Defendant's motion, and it is therefore deemed confessed.[1]

Rule 37(b)(2)(A)(v) provides that, if a party "fails to obey an order to provide or permit discovery," the Court may sanction the party by "dismissing the action or proceeding in whole or in part."[2] In determining whether dismissal is more appropriate than lesser sanctions, the Court considers several factors, including: "(1) the degree of

---

[1] *See* LCvR7.1(g) ("Any motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed.").

[2] Fed. R. Civ. P. 37(b)(2)(A)(v).

1

actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[3] Dismissal is appropriate "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits."[4] Where, as here, a party appears pro se, "the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation."[5]

Each factor weighs in favor of Defendant. Plaintiff's failure to produce the requested discovery prejudices Defendant in its ability to defend against Plaintiff's claims and interferes with the judicial process by causing delays and the expenditure of additional resources in resolving this dispute. Plaintiff alone is culpable for her failure to respond to Defendant's discovery requests, and the Court specifically warned Plaintiff that failure to comply with its Order granting Defendant's Motion to Compel could result in sanctions under Rule 37(b)(2). Finally, it does not appear that lesser sanctions would be productive, considering that Plaintiff has already failed to respond to: (1) Defendant's discovery requests specified in Defendant's Motion to Compel; (2) Defendant's Motion to Compel; (3) the Court's Order granting Defendant's Motion to Compel; and (4) Defendant's Motion

---

[3] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks and citations omitted)

[4] *Id.* (citing *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988)).

[5] *Id.* at 920 n.3 (citing *Mitchell v. Inman*, 682 F.2d 886, 887 (11th Cir. 1982)).

for Sanctions. Plaintiff has had ample opportunity to produce the discovery at issue and has refused to do so despite having been warned of the possibility of sanctions. There is no indication that lesser sanctions would encourage Plaintiff to participate in her case.

Accordingly, Defendant's Motion for Sanctions against Plaintiff for Failure to Comply with Court Order Granting Motion to Compel and Order to Show Cause and Brief in Support (Dkt. 57) is **GRANTED**, and the Court **DISMISSES** this action **WITH PREJUDICE** pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). Furthermore, Defendant is entitled to an award of its reasonable fees and expenses incurred in bringing its motion to compel (Dkt. 53) and the instant motion. Defendant is **DIRECTED** to file a motion explaining the specific amount of fees and expenses it seeks on or before August 5, 2024.

**IT IS SO ORDERED** this 29th day of July 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE